UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANDREW BAKER, individually and on behalf of all those similarly situated,

    Plaintiff,

v.

PARAMOUNT GLOBAL INC. dba PARAMOUNT PLUS,

    Defendant.
_____/

CASE NO.:

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453, defendant Paramount Global Inc. d/b/a Paramount Plus ("Paramount Global"), by counsel, hereby notices its removal of the above-titled action from the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida, Case No. 2023-CA-003612-OC (the "State Court Action") to the United States District Court for the Middle District of Florida, Orlando Division.

**I.  FACTUAL ALLEGATIONS**

1.  Andrew Baker ("Plaintiff") alleges that he received electronic "communications" as defined by Fla. Stat. § 559.55(2), from Paramount Global on July 4, 2022, pertaining to the alleged collection of a consumer debt between the

71172244;2

hours of 9:00 PM and 8:00 AM without his prior consent, in violation of § 559.72(17) of Florida Consumer Collection Practices Act ("FCCPA"). *See* Complaint at ¶¶ 8, 12, 14, 15.

2. Plaintiff further alleges that Paramount Global "has sent thousands of electronic mail communications to Florida consumers between 9:00 PM and 8:00 AM. …" *Id.* at ¶ 26.

3. Plaintiff filed his Complaint in the State Court Action on June 14, 2023, as a putative class action on behalf of himself and an unknown number of Florida residents asserting a single claim under the FCCPA.

4. Plaintiff seeks statutory damages and injunctive relied, plus attorneys' fees and costs, on behalf of himself and a putative class. *Id.* at ¶ 37.

5. The Complaint names Paramount Global as the sole defendant, and Paramount Global has not yet responded.

6. Pursuant to 28 U.S.C. §§ 1441(a), 1446, and 1453, the Complaint is removable to this Court because Paramount Global has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

7. In accordance with 28 U.S.C. § 1446(d), concurrent with the filing of this Notice of Removal, Paramount Global is giving written notice to the Plaintiff

and to the Circuit Court for the Ninth Judicial Circuit in and for Osceola County, Florida of its filing of this Notice of Removal.

## II.   THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET

8.   On June 20, 2023, Paramount Global was served with the Summons and the Complaint. The Notice of Removal has been filed within 30 days thereof, and is therefore timely under 28 U.S.C. § 1446(b).

9.   Venue is proper in this Court because it corresponds to the district and division where this litigation was filed, *i.e.*, the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida is located in the Middle District of Florida, Orlando Division.  *See* 28 U.S.C. § 1441(a); *see also* L.R. 1.04(a) ("The Middle District comprises these divisions and these counties: ... Orlando Division ... Osceola County.").

10.   As per 28 U.S.C. § 1446(a) and L.R. 1.06(b), true and correct copies of all process, pleadings, and orders served upon Paramount Global, as well as a copy of each paper docketed in the State Court Action are attached hereto.

## III.   THIS COURT HAS JURISDICTION UNDER CAFA

11.   Under CAFA, this Court has diversity jurisdiction over this putative class action because: (1) the putative class exceeds 100 members; (2) at least one member of the proposed class has a different citizenship from Paramount Global; (3) the amount in controversy exceeds $5 million in the aggregate for the entire class,

exclusive of interest and costs; and (4) the exceptions to CAFA do not apply here. *See* 28 U.S.C. § 1332(d); *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1327 (11th Cir. 2006) (summarizing CAFA removal requirements); *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006) (same).

12. The Complaint seeks to certify a class under Florida Rule of Civil Procedure, Rule 1.220. *See* Complaint at ¶ 1.

### A. **The Putative Class Size Exceeds 100**

13. According to CAFA, the proposed class must consist of at least 100 persons. *See* 28 U.S.C. § 1332(d)(5).

14. Plaintiff seeks to bring this action on behalf of himself and on behalf of the putative "Class" defined as:

> [1] all persons with Florida addresses [2] that Defendant or someone on Defendant's behalf [3] sent an electronic mail communication to [4] between 9:00 PM and 8:00 AM [5] in connection with the collection of a consumer debt.

*Id.* at ¶ 23.

15. That numerical requirement is met here. Plaintiff alleges that the putative "[c]lass members number in the several thousands, if not more." *Id.* at ¶ 25. Plaintiff further alleges that Paramount Global has "sent thousands [of] electronic mail communications to Florida consumers ... [t]he members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable." *Id.* at ¶ 26.

16. Accordingly, this matter satisfies CAFA's requirement that the putative class size exceeds 100.

### B.   There is Minimal Diversity Sufficient to Establish CAFA Jurisdiction

17. Under CAFA there must also be minimal diversity, which exists where at least one putative class member is a citizen of a different state than any defendant. *See* 28 U.S.C. § 1332(d)(2).

18. The Complaint alleges that "Plaintiff is a natural person, and a citizen of the State of Florida, residing in Osceola County, Florida." *Id.* at ¶ 5.

19. "[A] corporation shall be deemed to be a citizen of every State ... by which it has been incorporated and of the State ... where it has its principal place of business." 28 U.S.C. § 1332 (c)(1).

20. The Complaint alleges that Paramount Global "is a Delaware Corporation, with its principal place of business located in New York, New York." Complaint ¶ 6. As alleged, Paramount Global is a citizen of Delaware and New York.

21. Plaintiff is a citizen of a different state from Paramount Global. Thus, CAFA's requirement of minimal diversity is satisfied here. *See* 28 U.S.C. § 1332(d)(2)(A).

### C. The $5 Million Dollar Amount in Controversy Requirement is Met

22. For CAFA jurisdiction, the aggregate amount in controversy must exceed $5 million for the putative class, exclusive of interest and costs. *See* 28 U.S.C. ¶ 1332(d)(2).

23. "[D]efendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "Where the plaintiff has not alleged a specific amount of damages, the defendant seeking removal must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014); *see also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (stating the defendant must show that it is "more likely than not" that the jurisdictional requirement is met).

24. To that end, a removing defendant may introduce "affidavits, declarations, or other documentation" to support its position that the amount of controversy exceeds the jurisdictional minimum. *Pretka*, 608 F.3d at 755. In analyzing the amount in controversy, the court may rely on the extrinsic evidence introduced by the defendant, "as well as reasonable inferences and deductions drawn from that evidence, to determine whether the defendant has carried its burden." *S. Fla. Wellness*, 745 F.3d at 1315; *see also Sierminski v. Transouth Fin. Corp.*, 216

F.3d 945, 949 (11th Cir. 2000) (stating that the district court may "require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal") (citations omitted). Thus, to carry its burden, the removing defendant merely needs to show that the potential damages *could* exceed the jurisdictional amount. *Pretka*, 608 F.3d at 754 ("The point is that a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it.").

25. Here, based upon Plaintiff's allegations and theories (which Paramount Global disputes, but which control for removal purposes), Paramount Global plausibly submits that the $5 million CAFA amount in controversy requirement is satisfied.

26. Here, Plaintiff alleges that the aggregate damages sustained by members of the Class are in the millions of dollars. *See* Complaint ¶ 32.

27. Plaintiff seeks "statutory damages pursuant to Fla. Stat. § 559.77(2)" for itself and the putative class. *Id.* at ¶ 37.

28. Plaintiff alleges that Paramount Global allegedly sent thousands of electronic communications to thousands of potential class members. *See* Complaint at ¶¶ 25–26.

29. Based on Plaintiff's allegations that the damages are in the "millions of dollars" and the potential for statutory damages for violation of the FCCPA, the amount in controversy exceeds $5 million dollars.

30. Further, Plaintiff has requested an award of "attorneys' fees and costs, including expert fees, pursuant to Fla. Stat. § 559.77(2)" for itself and the putative class. Complaint at ¶ 37. Although Defendant disputes whether Plaintiff or the putative class is entitled to any such award, and disputes application of the statute as a matter of fact or law, for purposes of removal, the Court is also permitted to account for the amount of attorneys' fees (which may be available under the FCCPA) in determining the amount in controversy. *See, e.g.*, *Federated Mut. Ins. Co. v. McKinnon Motors*, 329 F.3d 805, 808 n.4 (11th Cir. 2003) (stating that courts may also factor in possible attorneys' fee awards, where permitted by statute or contract, when determining the amount in controversy for removal purposes); *Sheffield Woods at Wellington Condo. Ass'n, Inc. v. Scottsdale Ins. Co.*, 2009 WL 2255219, at *1 (M.D. Fla. July 28, 2009) (finding amount in controversy met, in part based upon plaintiff's claim for fees pursuant to Florida statute); *see also Lee-Bolton v. Koppers Inc.*, 848 F. Supp. 2d 1342, 1356 (N.D. Fla. 2011) (same).

31. Accordingly, the total amount of alleged damages exceeds CAFA's $5,000,000 jurisdictional threshold.

### D. The Exceptions to CAFA Do Not Apply

32. CAFA provides two mandatory exceptions to the application of federal jurisdiction and one discretionary exception. *See* 28 U.S.C. § 1332(d)(4)(A)-(B) and 28 U.S.C. § 1332(d)(3).

33. Both the mandatory and discretionary exceptions to CAFA require the presence of a nondiverse in-state defendant. *See* 28 U.S.C. § 1332(d)(4)(A)-(B) (noting that mandatory abstention requires either: (1) "significant relief" to be sought from an instate defendant (local controversy exception) or that (2) the "primary defendant" to be an in-state one (home state exception)); 28 U.S.C. § 1332(d)(3) (noting that the discretionary abstention requires the "primary defendant" be an in-state one).

34. Here, Paramount Global is the only defendant and it is not an in-state defendant. *See* ¶ 18 *supra*; *see also* 28 U.S.C. § 1332(c)(1).

35. The exceptions to CAFA are not applicable to this matter.

36. Accordingly, because Paramount Global has demonstrated that all prerequisites for CAFA jurisdiction have been met, and none of the exceptions apply, this matter is properly removable.

### IV. PRESERVATION OF RIGHTS

37. By virtue of this Notice of Removal and the Notice filed in the State Court Action, Paramount Global does not waive its rights to assert and expressly

71172244;2

reserves all defenses, including but not limited to, personal jurisdictional and venue defenses, the legal sufficiency of the claims alleged in the State Court Action, or any other motions, including but not limited to, Rule 12 motions, motions to compel arbitration, or both, and all those other defense and motions otherwise permitted by the Federal Rules of Civil Procedure and/or governing law.

## V. CONCLUSION

38. Based on the foregoing, Paramount Global respectfully requests that this Court assume full jurisdiction over this action.

Dated: July 7, 2023

Respectfully submitted,

AKERMAN LLP

/s/ Ryan Roman
MICHAEL C. MARSH
Florida Bar No. 072796
RYAN ROMAN
Florida Bar No. 0025509
SELENA A. GIBSON
Florida Bar No. 0299325
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, Florida  33301
Telephone: (954) 463-2700
Facsimile:  (954) 463-2224
Email: Michael.Marsh@akerman.com
Email: Ryan.Roman@akerman.com
Email: Selena.Gibson@akerman.com
*Attorneys for Defendant Paramount Global, Inc.*

71172244;2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 7, 2023, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system. I also certify that a true and correct copy of the foregoing was served this day via electronic mail to Plaintiff's counsel of record as follows:

> Jibrael S. Hindi, Esquire
> Jennifer G. Simil, Esquire
> Shannon E. Gilvey, Esquire
> The Law Offices of Jibrael S. Hindi
> 110 Southeast Sixth Street, Suite 1744
> Fort Lauderdale, Florida 33301
> Email: jibrael@jibraellaw.com
> Email: jen@jibraellaw.com
> Email: shannon@jibraellaw.com
>
> *Counsel for Plaintiff*

*/s/ Ryan Roman*
Ryan Roman
AKERMAN LLP

71172244;2