### IN THE CIRCUIT COURT OF THE 9TH JUDICIAL CIRCUIT
### IN AND FOR OSCEOLA COUNTY, FLORIDA

Case No.

**ANDREW BAKER,**
*individually and on behalf of all those similarly situated,*

      **CLASS ACTION**

    **Plaintiff,**

      **JURY TRIAL DEMANDED**

v.

**PARAMOUNT GLOBAL INC. DBA PARAMOUNT PLUS,**

    **Defendant.**
_____/

### CLASS ACTION COMPLAINT

Plaintiff Andrew Baker ("Plaintiff"), *individually and on behalf of all those similarly situated*, sues Defendant Paramount Global Inc. d/b/a Paramount Plus ("Defendant") for violating the Florida Consumer Collection Practices Act ("FCCPA")

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $50,000.00 exclusive of interest, costs, and attorney's fees.

2. This Court has personal jurisdiction over Defendant because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within Osceola County, Florida.

3. Venue of this action is proper in this Court because, pursuant to Fla. Stat. § 47.011, et seq., the cause of action alleged below arose in Osceola County, Florida.

PAGE | 1 of 7

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

4. Plaintiff has standing to maintain this action because Plaintiff suffered a legal injury as a result of Defendant's violations of the FCCPA, and because Plaintiff is not requesting an advisory opinion from this Court. Thus, Plaintiff has a sufficient stake in a justiciable controversy and seeks to obtain judicial resolution of that controversy.

## PARTIES

5. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Osceola County, Florida.

6. Defendant is a Delaware Corporation, with its principal place of business located in New York, New York.

## DEMAND FOR JURY TRIAL

7. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

8. On a date better known by Defendant, Defendant began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

9. The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between the creditor of the Consumer Debt, Defendant, and Plaintiff (the "Subject Service").

10. Plaintiff is the alleged debtor of the Consumer Debt.

11. The Subject Service was primarily for personal, family, or household purposes.

12. The FCCPA defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." Fla. Stat. § 559.55(2).

13. Defendant is a "person" within the meaning of Fla. Stat. § 559.72.

14. Section 559.72(17) of the FCCPA prohibits persons from communicating with a debtor between the hours of 9:00 PM and 8:00 AM in the debtor's time zone without the prior consent of the debtor.

15. On July 4, 2022, Defendant sent an electronic mail communication to Plaintiff (the "Communication").

16. Attached as Exhibit "A" is a copy of the Communication.

17. The Communication was a communication in connection with the collection of the Consumer Debt.

18. The Communication was sent from noreply@paramountplus.com and delivered to Plaintiff's personal e-mail address.

19. The Communication advised Plaintiff that "[t]his email is to let you know that we've been unable to process your recent payment, and your Paramount+ subscription has expired."

20. The Communication was sent by Defendant to Plaintiff at 9:50 PM in Plaintiff's zone.

21. The First Communication was received by Plaintiff from Defendant at 9:50 PM in Plaintiff's zone.

## CLASS ALLEGATIONS

### PROPOSED CLASS

22. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff, individually and on behalf of all other similarly situated persons as a class action. The "Class" that Plaintiff seeks to represent is the below defined "FCCPA Class."

23. The "**FCCPA Class**" consists of: [1] all persons with Florida addresses [2] that Defendant or someone on Defendant's behalf [3] sent an electronic mail communication to [4] between 9:00 PM and 8:00 AM [5] in connection with the collection of a consumer debt.

24. Defendant and its employees or agents are excluded from the Class.

25. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

26. Upon information and belief, Defendant has sent thousands of electronic mail communications to Florida consumers between 9:00 PM and 8:00 AM, whereby such electronic mail communication(s) violate 559.72(17). The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

27. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's e-mail records.

### COMMON QUESTIONS OF LAW AND FACT

28. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: [1] Whether Defendant sent an electronic communication to Plaintiff and members of the Class in connection with the collection of a consumer debt; [2] Whether Defendant sent such communication(s) between 9:00 PM and 8:00 AM; [3] Whether Defendant should be enjoined from such conduct in the future.

29. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely sends electronic mail communication(s) that violate

559.72(17) is accurate, Plaintiff and members of the Class will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

30. Plaintiff's claims are typical of the claims of the members of the Class, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

31. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### SUPERIORITY

32. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by members of the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual members of the Class prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

33. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT 1
## **VIOLATION OF FLA. STAT. § 559.72(17)**

34. Plaintiff, individually and on behalf of the FCCPA Class, incorporates by reference ¶¶ 8-33 of this Class Action Complaint.

35. Pursuant to § 559.72(17) of the FCCPA, in collecting consumer debts, no person shall: "*[c]ommunicate with the debtor between the hours of 9 p.m. and 8 a.m. in the debtor's time zone without the prior consent of the debtor.*" Fla Stat. § 559.72(17) (emphasis added).

36. As set forth above, Defendant sent an electronic communication to Plaintiff in connection with the collection of the Consumer Debt. *See* Exhibit A. The Electronic Communication was sent to Plaintiff between the hours of 9:00 PM and 8:00 AM in the time zone of Plaintiff. Defendant did not have the consent of Plaintiff to communicate with Plaintiff between the hours of 9:00 PM and 8:00 AM. As such, by Defendant sending the Electronic Communication referenced therein, Defendant violated § 559.72(17) of the FCCPA.

37. WHEREFORE, Plaintiff, individually and on behalf of the FCCPA Class, requests relief and judgment as follows:

   (a) Determine this action is a proper class action under Florida Rule of Civil Procedure;

   (b) A declaration that Defendant's conduct and/or practices described herein violate § 559.72(17);

   (c) Award Plaintiff and members of the FCCPA Class statutory damages pursuant to Fla. Stat., § 559.77(2);

   (d) Enjoin Defendant from future violations of Fla. Stat., § 559.72(17) with respect to Plaintiff and the FCCPA Class;

   (e) Award Plaintiff and members of the FCCPA Class reasonable attorneys' fees and costs, including expert fees, pursuant to Fla. Stat., § 559.77(2); and

   (f) Any other relief that this Court deems appropriate under the circumstances.

Dated: June 14, 2023

Respectfully Submitted,

/s/ Shannon E. Gilvey
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**JENNIFER G. SIMIL, ESQ.**
Florida Bar No.: 1018195
E-mail:   jen@jibraellaw.com
**SHANNON E. GILVEY, ESQ.**
Florida Bar No.: 1035934
E-mail: shannon@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136
Fax: 855-529-9540

*COUNSEL FOR PLAINTIFF*

# EXHIBIT "A"



Shannon Gilvey <shannon@jibraellaw.com>

## Andrew Baker Fwd: Your subscription has expired

**Shannon Gilvey** <shannon@jibraellaw.com>　　　　　　　　　　　　　　　　　Wed, Jun 14, 2023 at 3:14 PM
To: Shannon Gilvey <shannon@jibraellaw.com>

> From: **Paramount+** <noreply@paramountplus.com>
> Date: Mon, Jul 4, 2022 at 9:50 PM
> Subject: Your subscription has expired
> To: <crwnflo@gmail.com>



### DEAR ANDREW,

This email is to let you know that we've been unable to process your recent payment, and your Paramount+ subscription has expired.

We don't want you to miss out on over 30,000 episodes and movies (with more being added every month), as well as live sports, breaking news and exclusive originals you can only catch on Paramount+. So why not update your payment information and resume your subscription now?

We don't want you to miss out on over 30,000 episodes and movies (with more being added every month), as well as live sports, breaking news and exclusive originals you can only catch on Paramount+. So why not resume your subscription now? Just click the button below, sign in to your account and select "Resume Subscription".

## RESUME SUBSCRIPTION NOW

Here are more details on today's renewal attempt:

**Subscription:** Essential (Monthly)
**Transaction date:** Jun 7, 2022
**Customer name:** Andrew Baker
**Payment Method:** Credit Card

## QUESTIONS? VISIT OUR HELP CENTER
## OR CALL 1.888.274.5343 Monday – Sunday 9AM–12AM ET

Your Paramount+ Support Team





   

See the Subscription Terms for more information regarding your subscription. Review our Privacy Policy.

This email was sent to: crwnflo@gmail.com. Please do not reply to this email as this address is not monitored.

© 2021 ViacomCBS and its related entities. All Rights Reserved.
CBS Interactive Inc., 2900 W Alameda Ave, Burbank CA 91505-4220, United States